UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.:

DAVID BENITEZ,

                                 Plaintiff,          **COMPLAINT**

          -against-

                                                    **PLAINTIFF DEMANDS**
RELIANT SAFETY LLC, ISAAC ANGEL, *individually*,  **A TRIAL BY JURY**
FADY ADY, *individually*, JENNY RONZELO, *individually*,
and JERRY DOE, *individually*.

                             Defendants.
-------------------------------------------------------------------X

       Plaintiff, DAVID BENITEZ, by and through his attorneys, PHILLIPS & ASSOCIATES,

Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1.     Plaintiff complains pursuant to <u>42 U.S.C. §1981</u>, <u>Title VII of the Civil Rights Act of 1964</u>,

as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil

Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the <u>New York State Human Rights</u>

<u>Law</u>, New York State Executive Law §§ 296, <u>et</u>. <u>seq</u>. ("NYSHRL"); and the <u>New York</u>

<u>City Human Rights Law</u>, New York City Administrative Code §§ 8-107, <u>et</u>. <u>seq</u>.

("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being

<u>discriminated against on the basis of his race/color by co-workers and supervisors,</u>

<u>retaliated against, and otherwise subjected to a hostile work environment for his complaints</u>

<u>of discrimination.</u>

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.     Jurisdiction of this Court is proper under <u>42 U.S.C. §1981</u>, 42 U.S.C. § 2000e-5(f)(3), and

28 U.S.C. §§ 1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims that Plaintiff has brought under

state and city law pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants

reside within the Southern District of New York or the acts complained of occurred therein.

5.      By: (a) timely filing an Amended Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC") on  May 11, 2022; (b) receiving a Notice of Right to

Sue from the EEOC on July 27, 2022; (c) commencing this action within 90 days of the

issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the

filing of this Complaint, mailing copies thereof to the New York City Commission of

Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New

York pursuant to the notice requirements of § 8-502 of the New York City Administrative

Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of

the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## **PARTIES**

6.      That at all times relevant hereto, Plaintiff DAVID BENITEZ ("Plaintiff") is an Ecuadorian

American male and a resident of the State of New York and New York County.

7.      That at all times relevant hereto, Defendant RELIANT SAFETY, LLC ("Defendant

RELIANT SAFETY") was and is a domestic business corporation duly existing pursuant

to, and by virtue of, the laws of the State of New York.

8.      Upon information and belief, Defendant RELIANT SAFETY employs fifteen or more

employees.

9.      Upon information and belief, Defendant RELIANT SAFETY had a gross annual volume

of sales of not less than $500,000.00 at all relevant times.

10.     That at all times relevant hereto, Plaintiff has been an employee of Defendant RELIANT

SAFETY.

11.     That at all times relevant hereto, Individual Defendant ISACAR ANGEL ("ANGEL") was employed by Corporate Defendants as the "Field Supervisor" of Defendant RELIANT SAFETY.

12.     That at all times relevant hereto, Defendant ANGEL had supervisory authority over Plaintiff. Defendant ANGEL had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same. He also had the power to determine Plaintiff's worksite locations.

13.     At all times relevant, Individual Defendant FADY ADY ("ADY") was employed by Corporate Defendants as the "Supervisor" of Defendant RELIANT SAFETY's Manhattan location.

14.     That at all times relevant hereto, Defendant ADY had supervisory authority over Plaintiff. Defendant ADY had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

15.     At all times relevant, Individual Defendant JERRY DOE ("DOE") was employed by Corporate Defendants as the "Foreman" of Defendant RELIANT SAFETY's locations.

16.     At all times relevant, Individual Defendant JENNY RONZELO ("RONZELO") was employed by Corporate Defendants in the Human Resources Department of Defendant RELIANT SAFETY's Manhattan location.

17.     That at all times relevant hereto, Defendant RONZELO had supervisory authority over Plaintiff. Defendant RONZELO had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same. She also had the power to determine Plaintiff's worksite locations.

18.     That at all times relevant hereto, Defendants, RELIANT SAFETY, ANGEL, ADY, and DOE are collectively referred to herein as "Defendants."

## <u>MATERIAL FACTS</u>

19.   On or about January 20, 2018, Plaintiff was hired by Defendants as a "Field Technician" at the Manhattan location for Defendant RELIANT SAFETY.

20.   As a Field Technician, Plaintiff was responsible for rotational on-site servicing, diagnostics and repairs for the company's electrical products or equipment.

21.   On or about January 20, 2022, Plaintiff was earning approximately twenty-three dollars US currency ($23.00) and hour, and worked approximately forty (40) hours a week.

22.   On or about March of 2018, Plaintiff became a victim on ongoing racial discrimination and a hostile work environment by his Field Supervisor ISACAR ANGEL, who is of Dominican descent.

23.   On or about March of 2018, Defendant ISACAR ANGEL requested Plaintiff to complete a task. Plaintiff, jokingly in response, said "You get paid more than I do!" To this, Defendant ANGEL responded, "That's what you Mexicans are for."

24.   Plaintiff felt embarrassed and offended by the discriminatory remark.

25.   On or about a few days following, Defendant JENNY RONZELO of Human Resources approached Plaintiff about an unrelated work injury.

26.   During this conversation, Plaintiff spoke with went to Defendant RONZELO and complained about ANGEL's discriminatory remark against Plaintiff. RONZELO then switched Plaintiff out of ANGEL's worksites.

27.   Approximately eight (8) months following that date, on or about November of 2018, Plaintiff was then put back on rotation at ANGEL's worksites.

28.   Immediately thereafter, ANGEL would state about once a week, "You're a short Mexican" and make other remarks about Plaintiff's height in connection to reinforcing stereotypes based on perceived national origin.

29.  On or about December of 2020, Plaintiff witnessed ANGEL giving Prevailing Wage Site rotations to employees of Puerto Rican or Dominican descent, which we perceived to be better paying, but not to employees of any other descent.

30.  On or about early January of 2021, Plaintiff complained of the favoritism and racism to Defendant RONZELO in Human Resources. Plaintiff was told that Plaintiff would be taken off of ANGEL's worksites. However, nothing changed and no action was taken.

31.  In or around the beginning of February 2021, Plaintiff's work environment became permeated with racial harassment from Defendant ANGEL. ANGEL then stopped sending Plaintiff to Prevailing Wage Sites altogether.

32.  Defendants ANGEL and Foreman JERRY DOE began making comments directed towards Plaintiff, such as calling Plaintiff a "Mexican snitch" and an "MS-13 member" and "the Tekashi69 [1] of the company." Plaintiff was shocked and offended by these repeated criticisms based on his perceived race and national origin that occurred almost daily.

33.  During the same previously mentioned time frame, Plaintiff also witnessed Defendant ANGEL speaking about black coworkers in a discriminatory manner, such as saying, "I hope the black people go back to Haiti and die" and "they're lazy and don't work."

34.  Plaintiff repeatedly told Defendant ANGEL to stop making these racist remarks for months. However, the behavior continued.

35.  In or around September 2021, Plaintiff complained of repeated racist harassment he was enduring to FADY ADY ("ADY"), Defendants' Supervisor.

36.  Defendant ADY set up a meeting with RONZELO with Plaintiff, where Plaintiff recounted the discrimination. No actions or changes were taken thereafter.

---

[1]  Daniel Hernandez, known professionally as 6ix9ine and formerly as Tekashi69, is an American rapper of Mexican descent. Stephen Witt, *Tekashi 6ix9ine: The Rise and Fall of a Hip-Hop Supervillain*, Rolling Stone, (Feb. 23, 2022, 11:32AM), https://www.rollingstone.com/music/music-features/tekashi-69-rise-and-fall-feature-777971/.

37.  Therefore, ADY and RONZELO acquiesced to Defendant ANGEL's discriminatory conduct.

38.  On or around the days following, ANGEL continued and renewed his racial comments towards Plaintiff and his cousin.

39.  On or around early October 2021, Defendant ADY also stopped sending Plaintiff to Prevailing Wage Sites.

40.  On or around January 20, 2022, Plaintiff attended a work meeting. There, in front of other colleagues, Defendant JERRY DOE called Plaintiff a "Mexican rat" and a "Mexican snitch" to which Plaintiff replied, "This is work; this isn't a gang."

41.  DOE then stated "You look like them niggas from MS-13."

42.  On January 20, 2022, Plaintiff was terminated by Defendant RONZELO.

43.  To Plaintiff's knowledge, ANGEL, ADY, DOE, and RONZELO remain employed by RELIANT SAFETY.

44.  Defendant RELIANT SAFETY, ADY, AND RONZELO had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendants ANGEL and DOE.

45.  Plaintiff's performance has been, upon information and belief, exemplary during the course of his employment with Defendants.

46.  Defendants' actions and conduct were intentional and intended to harm Plaintiff.

47.  The above are just some of the ways Defendants discriminated against Plaintiff while employing his.

48.  **Plaintiff was discriminated and harassed by Defendants, solely due to his perceived race and national origin**.

49.  But for the fact that Plaintiff is of Ecuadorian descent, Defendants would not have treated him differently.

50.     Defendants created a hostile working environment, which unreasonably interfered with

        Plaintiff's work environment.

51.     Plaintiff has been unlawfully discriminated against, retaliated against, humiliated,

        degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of

        income, and earnings.

52.     As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded,

        victimized, embarrassed, and emotionally distressed.

53.     As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional

        pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

                            **AS A FIRST CAUSE OF ACTION**
                    **FOR DISCRIMINATION UNDER 42 U.S.C. §1981**
                          **(Not Against Individual Defendants)**

69.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

        paragraph was more fully set forth herein at length.

70.     42 U.S.C. § 1981 states in relevant part as follows:

        (a)     Statement of equal rights

        All persons within the jurisdiction of the United States shall have
        the same right in every State and Territory to make and enforce
        contracts, to sue, be parties, give evidence, and to the full and equal
        benefit of all laws and proceedings for the security of persons and
        property as is enjoyed by white citizens, and shall be subject to like
        punishment, pains, penalties, taxes, licenses, and exactions of every
        kind, and to no other.

        (b)     "Make and enforce contracts" defined

        For purposes of this section, the term "make and enforce contracts"
        includes the making, performance, modification, and termination of
        contracts, and the enjoyment of all benefits, privileges, terms, and
        conditions of the contractual relationship.

        42 U.S.C. §1981

                                        7

71.   Plaintiff was discriminated against because of his race as provided under 42 U.S.C. §1981

and has suffered damages as set forth herein.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER 42 U.S.C. §1981
(Not Against Individual Defendants)**

72.   Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

73.   By the acts and practices described above, Defendant RELIANT SAFETY retaliated

against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

74.   Defendant RELIANT SAFETY acted with malice and/or reckless indifference to Plaintiff's

statutorily protected rights.

75.   As a result of Defendant RELIANT SAFETY's discriminatory acts, Plaintiff has suffered

and will continue to suffer irreparable injury, emotional distress, and other compensable

damage unless and until this Court grants relief.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(Not Against Individual Defendants)**

76.   Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

77.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful

employment practices of the above-named Defendant RELIANT SAFETY.   Plaintiff

complains of Defendant RELIANT SAFETY's violation of Title VII's prohibition against

discrimination in employment-based, in whole or in part, upon an employee's race.

78.   Defendant RELIANT SAFETY engaged in unlawful employment practices prohibited by

42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his race.

8

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

79.  Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

80.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that

it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he
> has opposed any practice made an unlawful employment practice by
> this subchapter, or because he has made a charge, testified, assisted
> or participated in any manner in an investigation, proceeding, or
> hearing under this subchapter.

81.  Defendant RELIANT SAFETY engaged in unlawful employment practice prohibited by

42 U.S.C. §§ 2000e *et seq.* by discriminating against Plaintiff with respect to the terms,

conditions or privileges of employment because of his opposition to the unlawful

employment practices of Defendant RELIANT SAFETY.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW
### (Against All Defendants)

82.  Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

83.  The New York State Executive Law § 296(1)(a) provides that,

> "It shall be an unlawful discriminatory practice: For an employer …
> because of an individual's age, **race**, creed, **color**, **national origin**,
> sexual orientation, military status, sex, disability, predisposing
> genetic characteristics, marital status, or domestic violence victim
> status, to refuse to hire or employ or to bar or to discharge from
> employment such individual or to discriminate against such
> individual in compensation or in terms, conditions or privileges of
> employment.

84.  Defendants engaged in an unlawful discriminatory practice in violation of the New York

9

State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race/color, and national origin, whether actual and/or perceived.

**AS A SIXTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK STATE EXECUTIVE LAW
(Against All Defendants)**

85.    Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

86.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

87.    Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW
(Against Individual Defendants Only)**

88.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89.    New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

90.    Defendants, ANGEL, ADY, RONZELO and DOE, engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 by aiding, abetting, inciting, compelling, and coercing the discriminatory and retaliatory conduct complained of herein.

**AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

91.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

92.     The New York City Administrative Code §8-107(1) provides that

It shall be an unlawful discriminatory practice: (a) For an employer
or an employee or agent thereof, because of the actual or perceived
age, **race**, creed, **color**, **national origin**, gender, disability, marital
status, sexual orientation or alienage or citizenship status of any
person, to refuse to hire or employ or to bar or to discharge from
employment such person or to discriminate against such person in
compensation or in terms, conditions or privileges of employment.

93.     Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working

conditions, and otherwise discriminating against Plaintiff because of his race/color, and

national origin, whether actual and/or perceived.

**AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

94.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

95.     The New York City Administrative Code §8-107(7) provides that it shall be unlawful

discriminatory practice: "For an employer . . . to discriminate against any person because

such person has opposed any practices forbidden under this chapter. . ."

96.     Defendants engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's

opposition to the unlawful employment practices of Plaintiff's employer.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

97.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

98.     The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

99.     Defendants, ANGEL, ADY, RONZELO and DOE, engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## **JURY DEMAND**

103.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.      Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., and the New York City Human Rights Law, Administrative Code §§ 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of his race;

B.      Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C.      Awarding Plaintiff punitive damages;

D.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       October 18, 2022

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**


By:      /s/   Shawn Clark
       Shawn R. Clark, Esq.
       Melissa Vo, Esq.
       *Attorneys for Plaintiff*
       45 Broadway, Suite 430
       New York, New York 10006
       T: (212) 248-7431
       F: (212) 901 - 2107
       sclark@tpglaws.com
       mvo@tpglaws.com
